**JAVERBAUM WURGAFT HICKS KAHN WIKSTROM & SININS**
505 Morris Avenue
Second Floor
Springfield, NJ  07081
(973) 379-4200
Attorney ID No. Eric G. Kahn (021031993)
**Attorneys for Plaintiffs**

| Plaintiffs | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|---|---|
| ANA CHACON, JACOB FLORES, an Infant by his G/A/L MARIANA CHACON, ESTATE OF SOFIA FLORES BY ADMINISTRATRIX AD PROSEQUENDUM, MARIANA CHACON, MARIANA CHACON AND JUAN FLORES, Individually | Civil Action No. |
| vs. | COMPLAINT |
| Defendant | |
| UNITED STATES OF AMERICA | |

Plaintiff, Ana Chacon, residing at 124 Burnett Street in the City of Elizabeth, County of Union and State of New Jersey, and Jacob Flores, an Infant by his G/A/L Mariana Chacon, Estate of Sofia Flores by Administratrix ad Prosequendum, Mariana Chacon, Mariana Chacon and Juan Flores, Individually, residing at 213 Murray Street in the City of Elizabeth, County of Union and State of New Jersey, complaining of the Defendant, deposes and says:

### FIRST COUNT

1. The Plaintiffs reside in the City of Elizabeth, County of Union and State of New Jersey.

2. The Defendant, United States of America, is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, has consented to be sued in actions sounding in tort and Section

1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

4.   The jurisdiction of this Court is predicted upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

5.   The amount in controversy potentially exceeds the sum or value of $75,000 exclusive of interest and costs.

6.   Plaintiff presented her claim to the appropriate federal agency, the United States Postal Service, in accordance with 28 U.S.C. Section 2671 et seq., or otherwise.  Said federal agency never formally denied the Plaintiff's claim or did it otherwise respond to Plaintiff's claim. Accordingly, the Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. Section 2675.

### SECOND COUNT

7.   Plaintiffs repeat and reallege each and every allegation of the First Count of the Complaint as though set forth herein more fully at length.

8.   On or about July 20, 2015, Plaintiff, Ana Chacon, was a pedestrian lawfully crossing Rahway Avenue in the City of Elizabeth, County of Union and State of New Jersey.

9.   On or about July 20, 2015, Joseph L. Collins, Jr., an employee of the United States Postal Service and/or the Defendant, United States of America, was the operator of a certain motor vehicle owned by the Defendant, United States of America, or its agencies, agents, servants and/or employees, which motor vehicle was being operated as a permissive

user of the owner and/or the agent, servant and/or employee of the owner, and which motor vehicle was traveling on Chilton Street in the City of Elizabeth, County of Union and State of New Jersey.

10. Defendant, United States of America, through its agencies, agents, servants and/or employees, did so negligently and carelessly own, operate and/or maintain the aforesaid motor vehicle so as to cause same to strike the Plaintiff, Ana Chacon.

11. As a direct and proximate result of the negligence of the Defendant, as aforesaid, Plaintiff, Ana Chacon, was caused to sustain and did sustain serious and permanent personal injuries requiring the care and treatment of physicians, hospitalization and medication, and has been and will in the future continue to be hampered in her daily routine.

WHEREFORE, Plaintiff, Ana Chacon, demands judgment against the Defendant, United States of America, in the amount of her damages, together with interest and costs of suit.

### THIRD COUNT

13. Plaintiffs repeat and reallege each and every allegation of the First and Second Counts of the Complaint as though set forth herein more fully at length.

14. On or about July 20, 2015, Plaintiff, Jacob Flores, was a pedestrian lawfully crossing Rahway Avenue in the City of Elizabeth, County of Union and State of New Jersey.

15. On or about July 20, 2015, Jacob Flores, was involved in and witnessed the accident more fully set forth above in the First Count resulting in severe injuries in addition to pain and suffering of his grandmother, Ana Chacon, and the death of his sister, Sofia Flores.

16. As a direct and proximate result of the negligence of the Defendant, as aforesaid, and as a result of his presence at the scene of the accident on July 20, 2015, including having witnessed the accident, injuries and resulting pain and suffering of his grandmother, Ana Chacon and death of his sister, Sofia Flores, Plaintiff, Jacob Flores, suffered severe emotional distress, great pain and suffering of the mind and other emotional and psychological damages to which he is entitled to recover in accordance with the standards established in <u>Portee v. Jaffee</u>, 84 <u>N.J.</u> 88 (1980), or otherwise.

WHEREFORE, Plaintiff, Jacob Flores, demands judgment against the Defendant, United States of America, in the amount of his damages, together with interest and costs of suit.

### **FOURTH COUNT**

17. Plaintiffs repeat and reallege each and every allegation of the First through Third Counts of the Complaint as though set forth herein more fully at length.

18. On or about July 20, 2015, Plaintiff, Sofia Flores, was a pedestrian lawfully crossing Rahway Avenue in the City of Elizabeth, County of Union and State of New Jersey.

19. On or about July 20, 2015, Joseph L. Collins, Jr., an employee of the United States Postal Service and/or the Defendant, United States of America, was the operator of a certain motor vehicle owned by the Defendant, United States of America, or its agencies, agents, servants and/or employees, which motor vehicle was being operated as a permissive user of the owner and/or the agent, servant and/or employee of the owner,

and which motor vehicle was traveling on Chilton Street in the City of Elizabeth, County of Union and State of New Jersey.

20. Defendant, United States of America, through its agencies, agents, servants and/or employees, did so negligently and carelessly own, operator and/or maintain the aforesaid motor vehicle so as to cause same to strike the Plaintiff, Sofia Flores

21. As a direct and proximate result of the negligence of the Defendant, as aforesaid, the decedent, Sofia Flores, was caused to sustain severe and permanent injury, emotional distress and great pain, from which she was caused to die on or about July 20, 2015.

22. On or about April 13, 2016, Letters of Administration ad Prosequendum were granted by the Surrogate of the County of Union, New Jersey to the Plaintiff, Mariana Chacon, for the purpose of prosecuting as the mother of Sofia Flores, deceased, against the Defendant for the death of Sofia Flores, as herein mentioned.

WHEREFORE, the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

### FIFTH COUNT

23. Plaintiffs repeat and reallege each and every allegation of the First through Fourth Counts of the Complaint as though set forth herein more fully at length.

24. As a result of the negligence and carelessness of the Defendant, has hereinbefore set forth, the decedent, Sofia Flores, required special care and medical treatment from the time of the accident on July 20, 2015,

up until the time of her death.  She also was caused to live moments of great pain from the time of the accident up until the time of her death. During that time, she suffered greatly and endured much pain and suffering and incurred for medical care in an attempt to alleviate her suffering.

25.  As a result, Plaintiffs, Mariana Chacon, General Administrator of the Estate of Sofia Flores, deceased, incurred substantial medical expenses, funeral services expenses, burial expenses and other expenses in connection with the death of Sofia Flores, to which the Estate of Sofia Flores is entitled to recovery pursuant to N.J.S.A. 2A15-3 et seq. or otherwise.

WHEREFORE the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

### SIXTH COUNT

26.  Plaintiffs repeat and reallege each and every allegation of the First through Fifth Counts of the Complaint as though set forth herein more fully at length.

27.  As a direct and proximate result of the negligence of the Defendant, as aforesaid, the heirs-at-law and surviving next-of-kin of Sofia Flores, deceased, have suffered the loss of said decedent's services, society, companionship, advice and guidance.

WHEREFORE, the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

## SEVENTH COUNT

28.   Plaintiffs repeat and reallege each and every allegation of the First through Sixth Counts of the Complaint as though set forth herein more fully at length.

29.   As a direct and proximate result of the negligence of the Defendant, as aforesaid, the heirs-at-law and/or surviving next-of-kin of Sofia Flores, deceased, were deprived of the reasonable expectation of the pecuniary advantages which would have resulted from the continuance of the life of Sofia Flores, deceased, and otherwise suffered pecuniary and financial losses to which they are entitled to recovery pursuant to N.J.S.A. 2A:31-1 et seq. or otherwise.

WHEREFORE the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

## EIGTH COUNT

30.   Plaintiffs repeat and reallege each and every allegation of the First through Seventh Counts of the Complaint as though set forth herein more fully at length.

31.   As a direct and proximate result of the negligence of the Defendant, as aforesaid, Plaintiffs, Mariana Chacon and Juan Flores, individually, incurred medical expenses in connection with the special care and medical treatment provided to their decedent, Sofia Flores, from the time of the accident to the time of her death, incurred funeral expenses, burial expenses, and other expense in connection with death of Sofia Flores.

WHEREFORE, the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

### NINTH COUNT

32. Plaintiffs repeat and reallege each and every allegation of the First through Eighth Counts of the Complaint as though set forth herein more fully at length.

33. For several years prior to the subject accident, Defendant, Joseph L. Collins, Jr., drove a United States Postal Truck owned by the Defendant, United States of America.

34. At all times relevant herein, Defendant, Joseph L. Collins, Jr., drove and remained a driver for Defendant, United States of America..

35. At all times relevant herein, Defendant, United States of America, maintained no rules and/or requirements for its drivers, including the Defendant, Joseph L. Collins, Jr.

36. Defendant, United States of America, failed to properly train the Defendant, Joseph L. Collins, Jr.

37. At all times relevant herein, Defendant, Joseph L. Collins, Jr., failed to maintain a clean driving record, the Defendant, United States of America, failed to ensure that Defendant Joseph L. Collins, Jr., had a good driving record.

38. Defendant, Joseph L. Collins, Jr., was known or should have been known by Defendant, United States of America to be a careless and/or reckless driver.

39. Despite the failure of Defendant, Joseph L. Collins, Jr., to meet the requirements and/or follow the rules and/or procedures of the State of New Jersey, New Jersey Transit Corporation, Defendant, United States of America, hired, retained, supervised and allowed the Defendant Joseph L. Collins, Jr., to regularly drive a postal truck owned by it.

40. Defendant United States of America hiring, training, retention and supervision of Defendant, Joseph L. Collins, Jr., he negligently operated a motor vehicle as aforesaid described, causing the subject accident to occur.

WHEREFORE the Estate of Sofia Flores demands Judgment against the Defendant for compensatory damages, together with interest, costs of suit and such other further relief as the Court deems just and proper.

### NOTICE OF TRIAL COUNSEL

Please take notice that Eric G. Kahn, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, pursuant to Rule 4:25 et. seq.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Eric G. Kahn

DATED: April 14, 2016